UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| American Family Mutual Insurance Company, S.I.<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Donald Coe<br>3100 Powell Ave, Apt. 829<br>Kansas City, KS 66106,<br><br>Linda Smith<br>3100 Powell Ave, Apt. 824<br>Kansas City, KS 66106,<br><br>Edward Yost<br>3100 Powell Ave, Apt. 236<br>Kansas City, KS 66106,<br><br>And<br><br>Cross-Lines Retirement Center, Inc.<br>Registered Agent:  3030 Powell Avenue<br>Kansas City, KS 66106,<br><br>　　　　　　　　　Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") hereby submits this Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff American Family Mutual Insurance Company, S.I., d/b/a American Family Insurance is a foreign insurance company authorized to conduct business in Kansas, existing under the laws of the state of Wisconsin with its principal place of business in Madison, Wisconsin.

1

2.  Defendant Donald Coe is, upon information and belief, an individual domiciled in the state of Kansas and subject to service of process within the state of Kansas.

3.  Defendant Linda Smith is, upon information and belief, an individual domiciled in the state of Kansas and subject to service of process within the state of Kansas.

4.  Defendant Edward Yost is, upon information and belief, an individual domiciled in the state of Kansas and subject to service of process within the state of Kansas.

5.  Defendant Cross-Lines Retirement Center, Inc., ("Cross-Lines") upon information and belief, is a Kansas non-profit corporation with its principal place of business located in Kansas City, Wyandotte County, Kansas. Defendant Cross-Lines may be served by serving its resident agent.

6.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between American Family and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 2201(a), because this Complaint for Declaratory Judgment seeks the judicial declaration of the rights, statuses, and legal relations of and among the parties with regard to contracts of insurance and because an actual case or controversy of a justiciable nature exists among the parties.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because one or more Defendants reside in this district and a substantial part of the events giving rise to American Family's claims for relief occurred in this district.

**GENERAL ALLEGATIONS AND THE UNDERLYING ACTION**

9.  Defendants Coe, Smith, and Yost (collectively, "the Class Representatives") are named plaintiffs and putative class representatives in the civil action ongoing in this Court against Defendant Cross-Lines and others, Case No. 2:22-cv-02047-EFM-ADM ("the Class Action

Lawsuit"). A true and accurate copy of the Class Action Complaint is attached as **Exhibit 1**. A true and accurate copy of the Class Representatives' Motion for Class Certification is attached as **Exhibit 2**[1].

10. The Class Representatives allege in the Class Action Lawsuit that they are residents of Cross-Lines Retirement Center in Kansas City, Kansas, which facility they allege is owned and operated by Defendant Cross-Lines.

11. Among other allegations stated in their Complaint attached as **Exhibit 1**, the Class Representatives, on behalf of themselves and others similarly situated, allege that the Cross-Lines Retirement Center is infested with bed bugs, rodents, and mold.

12. In the Class Action Lawsuit, the Class Representatives, on behalf of themselves and others similarly situated, seek injunctive relief and a determination of liability and damages against Defendant Cross-Lines relative to the allegations of harmful and/or defective conditions existing at the Cross-Lines Retirement Facility.

13. In their Complaint attached as **Exhibit 1**, the Class Representatives propose certification of a "Habitability Class" composed of "all persons who resided at the Center on or after the date five years prior to the filing date of this complaint thought he date the Class is certified.

14. The Class Representatives filed their Complaint in the Class Action Lawsuit on February 1, 2022.

15. The Class Action Complaint attached as **Exhibit 1** states that the "Class Period shall thus be defined as the five years prior to and through the date a Habitability Class is certified."

16. Count I of the Complaint attached as **Exhibit 1** seeks injunctive relief and does not seek damages.

---

[1] Plaintiff is contemporaneously filing its Motion for Leave to file Exhibit 2 under seal.

17. Count II of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for violations of the Americans With Disabilities Act, seeking injunctive relief and attorney fees.

18. Count III of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for violations of the Fair Housing Act, seeking injunctive relief and attorney fees.

19. Count IV of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for violations of the common law warranty of habitability, and alleges the Class Representatives and the proposed Habitability Class are entitled to recover actual damages, consequential damages, and punitive damages.

20. Count V of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for breach of contract, breach of the statutory duty to materially comply with lease terms, and to provide habitable housing, seeking actual and punitive damages.

21. Count VI of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for failure to provide essential services, seeking actual damages and punitive damages.

22. Count VII of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for common law nuisance, seeking actual and punitive damages.

23. Count VIII of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for negligence, seeking actual and punitive damages.

24. Count IX of the Complaint attached as **Exhibit 1** purports to state a cause of action against Defendant Cross-Lines and a separate defendant not a party to this action for violation of the Kansas Consumer Protection Act, seeking actual damages and/or civil penalties and punitive damages.

25. The Class Representatives' Motion for Class Certification attached as **Exhibit 2**, defines the proposed class for which certification is sought as "all persons who resided at Cross-Lines Retirement Center . . . on or after February 1, 2017 through the date the Class is certified."

## AMERICAN FAMILY INSURANCE POLICIES

26. American Family issued business owners policy 15x5806310 to Defendant Cross-Lines ("the Business Policy"), which policy was in continuous effect between September 1, 2011 and November 26, 2016. A true and accurate certified copy of the Business Policy is attached as **Exhibit 3**.

27. American Family issued commercial umbrella policy 15x5806309 to Cross-Lines (the Umbrella Policy"), in continuous effect between September 1, 2011 and November 26, 2016. A true and accurate certified copy of the Umbrella Policy is attached as **Exhibit 4**.

28. Among other provisions, the Business Policy attached as **Exhibit 3** contains the following provisions:

   [. . .]

### SECTION II – LIABILITY

   **A.   Coverages**

   **1.   Business Liability**
      **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this

insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
- **(1)** The amount we will pay for damages is limited as described in Paragraph D. – Liability and Medical Expenses Limits of Insurance in Section II – Liability; and
- **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under Paragraph f. Coverage Extension – Supplementary Payments.

- **b.** This insurance applies:
  - **(1)** To "bodily injury" and "property damage" only if:
    - (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":
    - (b) The "bodily injury" or "property damage" occurs during the policy period; and
    - (c) Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage had occurred, in whole or in part. If such a listed insured or authorized employee knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.
  - **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.
- **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period known to have occurred by any insured listed under Paragraph C.1. Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.
- **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
  - **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
  - **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  - **(3)** Because aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

29. Among other provisions, the Umbrella Policy attached as **Exhibit 4** contains the following provisions:

   **SECTION I – COVERAGES**
   **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY  1.**
   1. **Insuring Agreement**
      a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:
         (1) The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and
         (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B**.
      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
      b. This insurance applies to "bodily injury" and "property damage" only if:
         (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
         (2) The "bodily injury" or "property damage" occurs during the policy period; and
         (3) Prior to the policy period, no insured listed under Paragraph **1.a.** of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
      c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1.a. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation change or resumption of that "bodily injury" or "property damage" after the end of the policy period…

   [. . .]

### COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY
**1. Insuring Agreement**

> **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:
>
> (1) The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B.**
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

[. . .]

30. The "coverage period" relative to the Business Policy was between September 1, 2011 and November 26, 2016.

31. The "coverage period" relative to the Umbrella Policy was between September 1, 2011 and November 26, 2016.

### **COUNT I – DECLARATORY JUDGMENT – BUSINESS POLICY**

32. Plaintiff incorporates by reference and reasserts each and every allegation contained in Paragraphs 1 through 31 above.

-8-

33. The Business Policy applies to "bodily injury" and "property damage" only if such damages occur during the policy period: September 1, 2011 through November 26, 2016.

34. The Class Action Lawsuit seeks damages occurring exclusively during the proposed Class Period beginning on February 1, 2017 at the earliest and running through the date, in the future, on which the proposed Class is ultimately certified.

35. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring prior to February 1, 2017, the beginning of the proposed Class Period.

36. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring between September 1, 2011 and November 26, 2016.

37. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring during the Business Policy period.

38. The Business Policy applies to "personal and advertising injury" only if caused by an offense which occurs during the policy period.

39. The Class Action Lawsuit alleges damages caused by offenses occurring during the Class Period beginning on February 1, 2017 at the earliest and running through the date, in the future, on which the proposed Class is ultimately certified.

40. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring prior to February 1, 2017.

41. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring between September 1, 2011 and November 26, 2016.

42. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring during the Business Policy period.

43. The Class Action Lawsuit against Defendant Cross-Lines alleges liability and damages occurring after the end of American Family's coverage under the Business Policy.

44. American Family has no duty to defend or indemnify Defendant Cross-Lines in the Class Action Lawsuit under the Business Policy.

WHEREFORE, Plaintiff prays that the Court:

(i) Enter judgment in its favor and against Defendants on Count I of this Complaint for Declaratory Judgment;

(ii) Declare that American Family owes no duty under the Business Policy to defend Defendant Cross-Lines in the Class Action Lawsuit;

(iii) Declare that, in the absence of a duty to defend, American Family owes no duty under the Business Policy to indemnify a judgment taken against Defendant Cross-Lines in the Class Action Lawsuit;

(iv) Award Plaintiff its costs and expenses herein; and

(v) Grant to Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

### **COUNT II – DECLARATORY JUDGMENT – UMBRELLA POLICY**

45. Plaintiff incorporates by reference and reasserts each and every allegation contained in Paragraphs 1 through 44 above.

46. The Umbrella Policy applies to "bodily injury" and "property damage" only if such damages occur during the policy period: September 1, 2011 through November 26, 2016

47. The Class Action Lawsuit seeks damages occurring exclusively during the proposed Class Period beginning on February 1, 2017 at the earliest and running through the date, in the future, on which the proposed Class is ultimately certified.

48. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring prior to February 1, 2017, the beginning of the proposed Class Period.

49. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring between September 1, 2011 and November 26, 2016.

50. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for "bodily injury" or "property damage" occurring during the Umbrella Policy period.

51. The Umbrella Policy applies to "personal and advertising injury" only if caused by an offense which occurs during the policy period.

52. The Class Action Lawsuit alleges damages caused by offenses occurring during the Class Period beginning on February 1, 2017 at the earliest and running through the date, in the future, on which the proposed Class is ultimately certified.

53. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring prior to February 1, 2017.

54. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring between September 1, 2011 and November 26, 2016.

55. The Class Representatives, whether on behalf of themselves or on behalf of the proposed Class, do not seek recovery for damages caused by offenses occurring during the Umbrella Policy period.

56. The Class Action Lawsuit against Defendant Cross-Lines alleges liability and damages occurring after the end of American Family's coverage under the Umbrella Policy.

57. American Family has no duty to defend or indemnify Defendant Cross-Lines in the Class Action Lawsuit under the Umbrella Policy.

WHEREFORE, Plaintiff prays that the Court:

(i) Enter judgment in its favor and against defendants on Count II of this Complaint for Declaratory Judgment;

(ii) Declare that American Family owes no duty under the Umbrella Policy to defend Defendant Cross-Lines in the Class Action Lawsuit;

(iii) Declare that, in the absence of a duty to defend, American Family owes no duty under the Umbrella Policy to indemnify a judgment taken against Defendant Cross-Lines in the Class Action Lawsuit;

(iv) Award Plaintiff its costs and expenses herein; and

(v) Grant to Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

-13-

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE**

_/s/ James P. Maloney_
James P. Maloney          KS #22926
Grant D. Henderson        KS #24691
1200 Main Street, Suite 2200
Kansas City, MO 64105-2159
816-472-7474 / 816-472-6262 Fax
james.maloney@bakersterchi.com
ghenderson@bakersterchi.com
**Attorneys for Plaintiff**